Matthew Vafidis [SBN 103578]
Chung-Han Lee [SBN 231950]
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: matthew.vafidis@hklaw.com

Attorneys for Defendants
BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC and
BRIDGESTONE AMERICAS HOLDING, INC.

NIALL P. McCARTHY [SBN 160175]
nmccarthy@cpmlegal.com
STEVEN N. WILLIAMS [SBN 175489]
swilliams@cpmlegal.com
BARBARA L. LYONS [SBN 173548]
blyons@cpmlegal.com
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606

Attorneys for Plaintiffs

IT IS SO ORDERED
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERNON DOWER; MIRIAM DOWER; ANDREW DOWER; LESHA LEILANI DOWER; LUCAS DOWER; GABRIEL DOWER; EARLINE ROTHERMICH; LOIS HUA; TROY GRAHAM; and TINA GRAHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDING, INC.; and DOES 1 through 100, INCLUSIVE,<br><br>Defendants. | Case No. C 06-06837 JW (RS)<br><br>STIPULATION AND [PROPOSED] ORDER CONSENTING TO BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC AND BRIDGESTONE AMERICAS HOLDING INC. FILING <u>SECOND AMENDED COUNTERCLAIM</u> |

- 1 -

STIPULATION AND [PROPOSED] ORDER          Case No. C 06-06837 JW(RS)

| | |
|---|---|
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, and BRIDGESTONE AMERICAS HOLDING, INC., | ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| WALDO SIMONS, individually and d/b/a SIMONS BULLDOZING SERVICE, and THE WALDO AND HELEN SIMONS FAMILY TRUST, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |

**WHEREAS**, Defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holding, Inc. seek to file the Second Amended Counterclaim in the form attached hereto;

**WHEREAS**, without waiving any defense or objection to said pleading, Plaintiffs consent to the filing of the attached Second Amended Counterclaim; and

**WHEREAS**, Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading only be leave of court or by written consent of the adverse party, and that leave shall be freely given when justice so requires;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND RESPECTFULLY REQUESTED** by and between Plaintiffs and Defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holding, Inc. that said Defendants be permitted to file the attached Second Amended Counterclaim. By such stipulation and consent,

//
//
//
//
//
//
//
//

Plaintiffs do not waive and specifically reserve any and all defenses and objections with respect to the Second Amended Counterclaim.

Respectfully submitted,

Dated: July 1, 2007

HOLLAND & KNIGHT LLP

_____
Matthew Vafidis
Chung-Han Lee
Attorneys for Defendants

Dated: July 2, 2007

COTCHETT, PITRE & McCARTHY

_____
Steven N. Williams
Barbara L. Lyons
Attorneys for Plaintiffs

**IT IS SO ORDERED.**
Defendants shall file their Second Amended Counterclaim within ten (10) days of the date of this Order.

Dated: July 3, 2007

_____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

# 4640507_v2

# EXHIBIT A

Matthew Vafidis [SBN 103578]
Chung-Han Lee [SBN 231950]
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: matthew.vafidis@hklaw.com

Attorneys for Defendants
BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC and
BRIDGESTONE AMERICAS HOLDING, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| VERNON DOWER; MIRIAM DOWER; ANDREW DOWER; LESHA LEILANI DOWER; LUCAS DOWER; GABRIEL DOWER; EARLINE ROTHERMICH; LOIS HIJA; TROY GRAHAM; and TINA GRAHAM,<br><br>Plaintiffs and Counterdefendants,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDING, INC.; and DOES 1 through 100, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. C 06-06837 JW(RS)<br><br>**DEFENDANTS AND COUNTER-CLAIMANTS BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC AND BRIDGESTONE AMERICAS HOLDING, INC.'S SECOND AMENDED COUNTERCLAIM** |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, and BRIDGESTONE AMERICAS HOLDING, INC.,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>WALDO SIMONS, individually and d/b/a SIMONS BULLDOZING SERVICE, and THE WALDO AND HELEN SIMONS FAMILY TRUST,<br><br>Third-Party Defendants. | |

- 1 -

## COUNTERCLAIM

Defendants BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC ("BFNT") and BRIDGESTONE AMERICAS HOLDING, INC. ("BAH") (collectively "Defendants") hereby counterclaim against Plaintiffs VERNON DOWER, MIRIAM DOWER, ANDREW DOWER, LESHA LEILANI DOWER, LUCAS DOWER, GABRIEL DOWER, EARLINE ROTHERMICH, LOIS HIJA, TROY GRAHAM, and TINA GRAHAM (collectively "Plaintiffs") as follows:

## PARTIES

1. Defendant BFNT is a Delaware limited liability company with its principal place of business in Nashville, Tennessee. BFNT's principal business activities include the manufacture and sale of tires. It is the successor to Bridgestone/Firestone, Inc. and The Firestone Tire & Rubber Company. The sole member of BFNT is defendant BAH.

2. Defendant BAH is a Nevada corporation with its principal place of business in Nashville, Tennessee.

3. Plaintiffs VERNON DOWER, MIRIAM DOWER, ANDREW DOWER, LESHA LEILANI DOWER, LUCAS DOWER, and GABRIEL DOWER are citizens and residents of the State of California and were the owners or the residents of a parcel of property located at 19646 Pesante Road, Salinas, California from 1982 to 1989. The claims against VERNON DOWER are being brought against him both individually and in his representative capacity as the successor-in-interest and representative of decedent CONSTANCE DOWER.

4. Plaintiff EARLINE ROTHERMICH is a citizen of the State of California and is or has been the owner and resident of a parcel of property located at 19590 Pesante Road, Salinas, California since 1959. Based on information and belief, Defendants allege that EARLINE ROTHERMICH currently resides in the State of Missouri. The claims against EARLINE ROTHERMICH are being brought against her both individually and in her representative capacity as the successor-in-interest and representative of decedent RALPH ROTHERMICH.

5. Plaintiff LOIS HIJA is a citizen and resident of the State of California holding a property interest in 19613 Pesante Road, Salinas, California since 1988.

//

6. Plaintiffs TROY GRAHAM and TINA GRAHAM are citizens and residents of the State of California and have been the owners of a parcel of property located at 19646 Pesante Road, Salinas, California since 2003.

## JURISDICTION AND VENUE

7. The claims herein arise out of the same nucleus of operative facts as the claims asserted in the Plaintiffs' Complaint and all relate to the properties which are the subject of the Complaint.

8. This Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. This counterclaim arises from actions by the Plaintiffs within this district and division and relates to land located in this district and division. Venue in this court is therefore proper in the United States District Court for the Northern District of California and in this division since the activities that are the subject of this action occurred and will occur in or have or will have an impact in this district, the properties that are the subject of this action are located in this district, and the Plaintiffs, and each of them, are and were at all material times subject to personal jurisdiction in this district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff EARLINE ROTHERMICH has lived on and been responsible for a parcel of property located at 19590 Pesante Road, Salinas, California since 1959. On information and belief, during that period Plaintiff and other residents at 19590 Pesante Road have conducted or permitted the disposal and/or spillage of various contaminants, hazardous wastes, and solid wastes into the soil on the property located at 19590 Pesante Road. EARLINE ROTHERMICH is joined herein individually and as the wrongful death representative of decedent Ralph Rothermich.

11. Plaintiff LOIS HIJA has lived on and been responsible for a parcel of property located at 19613 Pesante Road, Salinas, California, since 1988. On information and belief, during that period Plaintiff and other residents at 19613 Pesante Road have conducted or permitted the

disposal and/or spillage of various contaminants, hazardous wastes, and solid wastes into the soil on the property located at 19613 Pesante Road.

12. Plaintiffs TROY GRAHAM and TINA GRAHAM have lived on and been responsible for a parcel of property located at 19646 Pesante Road, Salinas, California, since 2003. On information and belief, during that period Plaintiff and other residents at 19646 Pesante Road have conducted or permitted the disposal and/or spillage of various contaminants, hazardous wastes, and solid wastes into the soil on the property located at 19646 Pesante Road.

13. Plaintiffs VERNON DOWER, JR., MIRIAM DOWER, ANDREW DOWER, LESHA LEILANI DOWER, LUCAS DOWER, GABRIEL DOWER, lived on and were responsible for a parcel of property located at 19646 Pesante Road, Salinas, California, from 1982 to 1989. On information and belief, during that period these Plaintiffs and other residents at 19646 Pesante Road have conducted or permitted the disposal and/or spillage of various contaminants, hazardous wastes, and solid wastes into the soil on the property located at 19646 Pesante Road.

14. From approximately 1963 to 1980, BFNT's predecessor, the Firestone Tire & Rubber Co., operated a tire manufacturing facility near Salinas, California.

15. During certain periods between 1967 and 1980, Firestone arranged for the disposal of some quantities of materials and substances from the Salinas manufacturing facility, which were contributed to and disposed of in the Crazy Horse Landfill, a sanitary landfill owned by the City of Salinas.

16. In approximately 1985, Frank and Shirley Potter and Joe and Linda Plescia, homeowners who lived immediately adjacent to the Crazy Horse landfill, filed a lawsuit against Firestone seeking damages and declaratory relief, claiming that materials and substances Firestone contributed to the landfill had included toxic chemicals that contaminated their domestic water wells. The trial court in that litigation concluded that although respondents claimed various physical symptoms that they attributed to the alleged toxic chemicals in their wells, it was not possible to demonstrate with sufficient certainty any causal connection between those symptoms and the contamination. Ultimately the court awarded damages, which included damages for the costs of future medical monitoring.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

17. Beginning in approximately 1988, the City of Salinas embarked upon a program to remediate environmental conditions at the Crazy Horse landfill under the auspices of the Environmental Protection Agency ("EPA") and the State of California. In approximately 1990, the Crazy Horse landfill was designated a Superfund site and added to the National Priorities List ("NPL") by the EPA.

18. In addition to various physical and structural actions, the City of Salinas installed a system for groundwater extraction and treatment, which has been in operation at the landfill for many years. Numerous test wells were installed at various distances surrounding the Crazy Horse landfill in order to evaluate the migration of any chemical substances through the soil or groundwater. Further, the City has implemented a landfill gas collection system (including a flare and cogeneration burner), which was installed to reduce the pressure of any evolved gases. In conjunction with the system, soil gas monitoring wells were installed to evaluate the composition of soil vapors at the periphery of the landfill. These wells have been regularly sampled since 1988.

19. The remediation of the Crazy Horse landfill by the City of Salinas has been an environmental success story. All evidence and data demonstrate that any toxic substances have been well confined to the landfill and its immediate area. The Environmental Protection Agency has in fact announced plans to delist the site from its National Priorities List.

20. The results of sampling conducted by all of the monitoring systems indicate there has been no migration of toxic substances from the landfill beyond a few hundred feet from its boundaries.

21. The Pesante Road properties are all more than a mile from the boundaries of the Crazy Horse Landfill.

22. In response to pre-litigation contacts by Plaintiffs' attorneys, BFNT and BAH were compelled to hire counsel and experts to evaluate and analyze whether any valid claims could be made that they were in any way responsible for any environmental contamination that could have affected the Pesante Road properties. BFNT and BAH incurred the expense of this expert analysis as a result of the inquiry by Plaintiffs' attorneys.

//

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

- 5 -

SECOND AMENDED COUNTERCLAIM   Case No. C 06-06837 JW(RS)

23. The groundwater contaminants identified in the shallow aquifer beneath the Pesante Road properties are dominated by fuel constituents, consistent with contamination of the soil by activities on the adjacent parcel of nearly four acres at 19660 Pesante Road, Salinas ("the Simons property") and at the Pesante Road properties themselves. This "chemical fingerprint" is entirely different from the known contaminants in the Crazy Horse landfill.

24. The expert analysis demonstrates that there is no contamination of the Pesante Road properties that can be attributable to either the substances contributed to the Crazy Horse landfill by Firestone, or that are generally known to be in the landfill.

25. Expert analysis of the air samples discussed by Plaintiffs in their complaint show that the substances and concentrations found in those air samples are entirely consistent with normal life activities in any home, whether in Salinas, California or New York. The air concentrations observed are not attributable to substances from the Crazy Horse Landfill.

### FIRST CAUSE OF ACTION

**Request for Declaratory Judgment, 28 U.S.C. § 2201 and 2202**

**(Against Plaintiffs Vernon Dower, Miriam Dower, Andrew Dower, Lesha Leilani Dower, Lucas Dower, Gabriel Dower, Earline Rothermich, Lois Hija, Troy Graham and Tina Graham)**

26. BFNT and BAH reallege and repeat paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27. This Court has the authority to grant declaratory relief in this action pursuant to 28 U.S.C. § 2201(a) and to grant such further relief as may be necessary and proper pursuant to 28 U.S.C. § 2202.

28. Plaintiff EARLINE ROTHERMICH, as the owner since 1959 of a parcel of property located at 19590 Pesante Road, Salinas, Plaintiff LOIS HIJA, as the holder of a property interest in the parcel of property located at 19613 Pesante Road, Salinas, Plaintiffs TROY GRAHAM AND TINA GRAHAM, as the owners of a parcel of property located at 19646 Pesante Road, Salinas, and Plaintiffs VERNON DOWER, MIRIAM DOWER, ANDREW DOWER, LESHA LEILANI DOWER, LUCAS DOWER, GABRIEL DOWER, as owners and residents from 1982 to 1989 of a

SECOND AMENDED COUNTERCLAIM                                  Case No. C 06-06837 JW(RS)

parcel of property located at 19646 Pesante Road, Salinas, have each, through their attorneys, contended that BFNT, as successor in interest to Bridgestone/Firestone, Inc. and The Firestone Tire & Rubber Company, and BAH, are responsible for the alleged contamination of groundwater and air contamination at the Pesante Road properties.

29.  Such a contention has been made on the basis that the alleged contamination emanated from the Crazy Horse Landfill despite there being no evidence of any migration of contaminants from the Crazy Horse Landfill to the vicinity of the Pesante Road properties, no evidence that any contaminants allegedly found in the vicinity of the Pesante Road properties matched the composition of contaminants ever found at the Crazy Horse landfill, and there being clear evidence indicating that the source of the contaminants, if any, allegedly found at the Pesante Road properties came from activities conducted at the Simons property and/or at the Pesante Road properties themselves.

30.  For its part, BFNT and BAH have taken the position that the evidence shows that neither BFNT, nor BAH, nor any of their predecessors in interest were responsible for any alleged contamination found at the Pesante Road properties or groundwater in the vicinity of said properties, and that evidence proves that the contaminants, if any, allegedly found at the Pesante Road properties came from activities conducted at the Simons property and/or at the Pesante Road properties themselves, and not as a result of the alleged migration of contaminants from the Crazy Horse landfill.

31.  Under the circumstances, an actual controversy has arisen and now exists between BFNT and BAH, on the one hand, and the Pesante Road property Plaintiffs, and each of them, on the other, as to which BFNT and BAH require a declaration of rights, relating to the legal rights and duties of BFNT, BAH and the Plaintiffs and each of them, relating to the alleged contamination, if any, at the Pesante Road properties.

32.  Under the circumstances, an actual controversy has also arisen and now exists between BFNT and BAH, on the one hand, and the Pesante Road property Plaintiffs, and each of them, on the other, as to which BFNT and BAH require a declaration of rights, relating to whether the Plaintiffs' conduct constitutes a violation of RCRA.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

33.  A declaratory judgment is necessary in that BFNT and BAH contend, and Plaintiffs, and each of them, deny, the following:

(a) That any contamination of groundwater in the vicinity of the Pesante Road properties, as alleged by the Plaintiffs and as set forth herein, did not originate from the Crazy Horse Landfill;

(b) More specifically, that, based on the geography and geology of the Salinas Valley region, and history and monitoring of any potential migration of contaminants from the Crazy Horse landfill, the balance of the evidence shows that any contamination of groundwater in the vicinity of the Pesante Road properties, as alleged by the Plaintiffs, did not originate from the Crazy Horse Landfill.

(c) That based on the nature and identification of the contaminants allegedly found in the vicinity of the Pesante Road properties, as alleged by the Plaintiffs, the balance of the evidence shows that any such contamination did not originate from the Crazy Horse Landfill;

(d) That, under the circumstances, BFNT, and/or its predecessors in interest, and BAH are not responsible for any contamination of groundwater in the vicinity of the Pesante Road properties, as alleged by the Plaintiffs and set forth herein; and

(e) That BFNT and BAH are entitled to a declaratory judgment stating the foregoing.

34. At all material times, BFNT and BAH acted in good faith and is entitled to the relief as aforesaid.

//
//
//
//
//
//
//
//
//

WHEREFORE, Plaintiff BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC and BRIDGESTONE AMERICAS HOLDING, INC. pray for Judgment against Plaintiffs VERNON DOWER, MIRIAM DOWER, ANDREW DOWER, LESHA LEILANI DOWER, LUCAS DOWER, GABRIEL DOWER, EARLINE ROTHERMICH, LOIS HIJA, TROY GRAHAM and TINA GRAHAM, as follows:

As to the **First Cause of Action for Declaratory Judgment**:

1. That the Court declare the respective rights and duties of Defendants BFNT and BAH, and Plaintiffs VERNON DOWER, MIRIAM DOWER, ANDREW DOWER, LESHA LEILANI DOWER, LUCAS DOWER, GABRIEL DOWER, EARLINE ROTHERMICH, LOIS HIJA, TROY GRAHAM and TINA GRAHAM, and as to the dispute;

2. That the Court declare that BFNT and BAH are each not responsible for the alleged contamination, if any, of the Pesante Road properties;

3. That BFNT be awarded its costs, expenses and attorneys' fees incurred herein; and

4. For such further and other relief as the Court deems just and proper.

Dated: June 27, 2007

HOLLAND & KNIGHT LLP

_[signature]_
Matthew Vafidis
Chung-Han Lee

Attorneys for Defendants
BRIDGESTONE FIRESTONE
NORTH AMERICAN TIRE, LLC
and BRIDGESTONE AMERICAS
HOLDING, INC.

# 4630114_v1