**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vernon Dower, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>Bridgestone Firestone North American Tire, LLC, et al.,<br><br>        Defendants.<br>_____ / | NO. C 06-06837 JW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S GRANT OF ATTORNEYS' FEES** |

Presently before the Court is Defendants' Motion Requesting Leave to File a Motion for Partial Reconsideration of the Court's October 17, 2008 Order Granting Attorney Fees. (hereafter, "Motion," Docket Item No. 186.) Defendants seek reconsideration of the Court's October 17, 2008 Order Granting Attorney Fees ("October Order") on the ground that there was a "manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order." (Motion at 3.) Third-Party Defendants Simons have filed a timely opposition. (See Docket Item No. 189.)

On February 22, 2008, the Court dismissed Defendants' claims against the Simons Third-Party Defendants ("Simons") in light of Defendants' failure to file a voluntary dismissal as they had represented they would during a case management conference held on November 19, 2007. (See Docket Item No. 122.) On March 10, 2008, Simons filed a motion to recover attorney fees from Defendants on the ground that Defendants knew they had no viable claim against Simons under the

Resource Conservation and Recovery Act ("RCRA"). (See Docket Item No. 135.) The Court granted Simons' motion in its October Order. (See Docket Item No. 185.)

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

Here, Defendants contend that the Court's October Order made two erroneous factual findings: (1) that Defendants knew they did not have a viable claim against Simons and (2) that Defendants failed to voluntarily dismiss their claim against Simons as a means to harass Simons into foregoing its motion for attorney fees. (Motion at 3, 5, 8.) The Court finds that Defendants' contentions do not present any new factual or legal arguments.[1] In fact, these arguments were presented to the Court in Defendants' opposition to Simons' motion for attorney fees and were considered by the Court. (See Docket Item No. 150.) Thus, Defendants have not shown a manifest failure by the Court to consider material facts or dispositive legal arguments.

---

[1] The Court notes that Defendants, in the "preface" to their motion, question whether the Court considered Paragraph 28 of their First Amended Third-Party Complaint in finding that Defendants failed to allege standing to sue Simons under the RCRA in accordance with the Court's previous March 2007 Order. (Motion at 2.) Although Defendants did not point specifically to Paragraph 28 in opposing Simons' motion for attorneys fees, the Court considered the entire First Amended Third-Party Complaint. Indeed, a second review of Paragraph 28 confirms that it does not fulfill the standing requirements set out in the Court's March 2007 Order. (See Docket Item No. 48.)

2

1  Accordingly, the Court DENIES Defendants' Motion for Leave to File a Motion for
2 Reconsideration. The Court DENIES Simons' request for additional sanctions against Defendants
3 for filing this motion.

Dated: November 19, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Terry Caulfield andrew.caulfield@hklaw.com
Andrew Terry Caulfield andrew.caulfield@hklaw.com
Aron K. Liang aliang@cpmlegal.com
Barbara L. Lyons blyons@cpmlegal.com
Chung-Han Lee chunglee@wildman.com
Craig Evan Needham cneedham@ndkylaw.com
Erik A Reinertson ereinertson@sbcglobal.net
Kirsten M. Fish kfish@ndkylaw.com
Matthew P. Vafidis mvafidis@hklaw.com
Niall Padraic McCarthy nmccarthy@cpmlegal.com
Sharon Glenn Pratt spratt@prattattorneys.com
Steven Noel Williams swilliams@cpmlegal.com
Susan J. Matcham susanm@ci.salinas.ca.us
Thomas M. Bruen tbruen@sbcglobal.net
Vanessa W. Vallarta vanessav@ci.salinas.ca.us

**Dated:  November 19, 2008**                                **Richard W. Wieking, Clerk**

                                                             **By:    /s/ JW Chambers**
                                                                      **Elizabeth Garcia**
                                                                      **Courtroom Deputy**

**United States District Court**
For the Northern District of California