1

2

3                                                          **\*E-FILED 2/24/09\***

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                                   SAN JOSE DIVISION

9

10    VERNON DOWER, et al.,                        NO. C 06-6837 JW (RS)

11                    Plaintiffs and Counterdefendants,   **ORDER FOR SUPPLEMENTAL
                                                          DECLARATIONS RE:**
12        v.                                              **DETERMINATION OF
                                                          ATTORNEY'S FEES AND COSTS**
13    BRIDGESTONE FIRESTONE NORTH
      AMERICAN TIRE, LLC, et al,

14
                      Defendants, Counterclaimants, and
15                    Third-Party Plaintiffs,

          v.
16
      WALDO SIMONS, et al.,
17
                      Third-Party Defendants
18    _____/

19

20            On March 10, 2008, third party defendants (collectively "the Simons") moved the presiding

21    judge for an award of attorney's fees and costs.  On October 17, 2008, the presiding judge issued an

22    order granting such an award from defendant Bridgestone Firestone North American Tire, LLC

23    ("Firestone").  That order also referred this matter to the undersigned for a report and

24    recommendation for a determination of the amount of the attorney's fees and costs.  The attorneys

25    for the Simons, Sharon Glenn Pratt and Rosalia Burgueno Tapia, represent that they are entitled to

26    $174,103.18 in fees and costs.  Firestone contends that the amount Pratt and Tapia seek is

27    unreasonable.  Before the Court can make any recommendation to the presiding judge on the amount

28    to be awarded to Pratt and Tapia, the Court needs additional information from the parties.

                                                  1

**United States District Court**
For the Northern District of California

A.     <u>Reasonable Attorney's Fees and Lodestar</u>

If a party is entitled to fees, the court must then determine what fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Both parties acknowledge that the lodestar approach should be used to determine the reasonable attorney's fees. This approach requires the court to determine first the number of hours reasonably expended and a reasonable hourly rate, considering the attorney's experience, reputation, and skill. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and rates claimed." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

B.     <u>Lodestar Hourly Rate</u>

In applying the lodestar, the rates of attorneys practicing in the forum district are used to determine the prevailing market rate. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Here, Pratt was admitted to the California State Bar in 1985, while Tapia was admitted in 1994. Both attorneys submitted declarations that $350 is the reasonable hourly rate for an attorney with their experience levels practicing environmental law in the Bay Area. Firestone contends that Pratt and Tapia arbitrarily raised their rate by over $100 per hour, but submitted no evidence to that effect.

That said, neither attorney submitted anything other than their own declarations stating that $350 per hour is a reasonable hourly rate for attorneys of comparable skill in the area. Interestingly, Tapia previously filed a declaration in support of a motion for attorney's fees quoting two attorneys in the area who practice environmental law. One attorney from Los Gatos, California, William Burns, who was admitted to the California State Bar in 1969, has an hourly rate ranging from $250 to $300. The second attorney from San Jose, California, Jeffery Lawson, was admitted to the California State Bar in 1981, and has an hourly rate of $450 ($400 in 2006 and $425 in 2007). *See* Docket No. 156.

Without similar declarations here, the Court is unable to determine a reasonable hourly rate. Pratt and Tapia, therefore, shall submit supplemental declarations demonstrating why their $350 per hour is a reasonable hourly rate for attorneys of comparable skill practicing environmental law in the

Bay Area.  Firestone also may file: (1) a supplemental declaration in response; and (2) evidence indicating when Pratt and Tapia raised their hourly rates by $100 per hour.

C.     Lodestar Hours Reasonably Expended

Pratt and Tapia submit that they spent 34.30 hours researching, preparing, and arguing the motion to strike the amended third party complaint.  According to Pratt and Tapia, the fair market value of those services was $12,005 billed at $350 per hour.  Pratt and Tapia further submit that since November 2, 2007, they spent 442.8 hours working on the case.  According to Pratt and Tapia, the fair market value of those services was $154,980 at $350 per hour.  This includes sixteen hours, or $5,600, in drafting the motion for determination of the actual amount of attorney's fees.

The Pratt and Tapia declarations make it impossible to conduct the preliminary lodestar hour assessment as the billing records submitted are not detailed.  The billing records submitted with the Pratt declaration, for example, merely identifies the date of the entry, Pratt's or Tapia's initials, and the hours spent.  There is no description of the tasks performed (i.e. researching the motion to strike or preparing the opposition to the motion for clarification).  In short, there is no way to know what hours were spent on what portion of the litigation.  Pratt and Tapia shall submit records that are more detailed to permit a lodestar hour assessment.  These records shall also be submitted as a supplemental declaration.  There is no need for *in camera* review as billing records typically do not contain proprietary information that warrants such a measure.

Accordingly, Pratt and Tapia shall submit their supplemental declarations within seven days of the date of this order.  Firestone may submit its response to this declaration as detailed above within seven days of its filing.  Once these records are reviewed, this matter will be deemed submitted on the papers without the need for oral argument pursuant to Civil Local Rule 7-1(b), and the Court will make its recommendation for actual attorney's fees and costs.

**United States District Court**
For the Northern District of California

3

1       IT IS SO ORDERED.

2

3 Dated: February 23, 2009

                                _____

4                                 RICHARD SEEBORG

                                United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER FOR SUPPLEMENTAL DECLARATIONS RE: DETERMINATION OF ATTORNEY'S FEES AND COSTS
C 06-6837 JW (RS)

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2   Andrew Terry Caulfield     andrew.caulfield@hklaw.com, beverley.huppert@hklaw.com,
    robert.jimenez@hklaw.com

3

4   Aron K. Liang     aliang@cpmlegal.com, edetert@cpmlegal.com, jperez@cpmlegal.com,
    oszeto@cpmlegal.com

5   Barbara L. Lyons     blyons@cpmlegal.com, lchampion@cpmlegal.com, mbrown@cpmlegal.com

6   Chung-Han Lee     chunglee@wildman.com, ecf-filings@wildman.com, rosiejka@wildman.com

7   Craig Evan Needham     cneedham@ndkylaw.com

8   Erik A Reinertson     ereinertson@sbcglobal.net

9   Kirsten M. Fish     kfish@ndkylaw.com, pbrown@ndkylaw.com

10  Matthew P. Vafidis     mvafidis@hklaw.com, kevin.nichols@hklaw.com,
    sophia.troosh@hklaw.com

11

12  Niall Padraic McCarthy     nmccarthy@cpmlegal.com, abanis@cpmlegal.com,
    amurphy@cpmlegal.com, dkelley@cpmlegal.com, imartinez@cpmlegal.com,
    jberger@cpmlegal.com, lschlichtmann@cpmlegal.com, mbrown@cpmlegal.com

13

14  Sharon Glenn Pratt     spratt@prattattorneys.com, ekhasin@prattattorneys.com,
    rtrazo@prattattorneys.com

15  Steven Noel Williams     swilliams@cpmlegal.com, aliang@cpmlegal.com, bdoe@cpmlegal.com,
    cwalker@cpmlegal.com, jverducci@cpmlegal.com, lclark@cpmlegal.com,
16  mcompesi@cpmlegal.com, medling@cpmlegal.com, nswartzberg@cpmlegal.com,
    pmenzel@cpmlegal.com, rjit@cpmlegal.com, sgross@cpmlegal.com

17

18  Susan J. Matcham     susanm@ci.salinas.ca.us, georgina@ci.salinas.ca.us, julian@ci.salinas.ca.us

19  Thomas M. Bruen     tbruen@sbcglobal.net, ereinertson@sbcglobal.net, jforrette@sbcglobal.net

20  Vanessa W. Vallarta     vanessav@ci.salinas.ca.us, julian@ci.salinas.ca.us

21  Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the Court's CM/ECF program.

22

23  **Dated: 2/24/09**                                        **Richard W. Wieking, Clerk**

24

25                                                            **By:** _____**Chambers**_____

26

27

28

ORDER FOR SUPPLEMENTAL DECLARATIONS RE: DETERMINATION OF ATTORNEY'S FEES AND COSTS
C 06-6837 JW (RS)