United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vernon Dower, et al., | NO. C 06-06837 JW |
| Plaintiffs,<br>v.<br>Bridgestone Firestone North American Tire, LLC, et al.,<br>Defendants. | **ORDER OVERRULING DEFENDANTS' PARTIAL OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: DETERMINATION OF ATTORNEYS FEES AND COSTS** |

Presently before the Court is Defendants' Objection in part to Magistrate Judge's Report and Recommendation Re: Determination of Attorneys Fees and Costs. (hereafter, "Objection," Docket Item No. 223.) Defendants seek an order declining to adopt portions of the Magistrate Judge's Report and Recommendation concerning the amount of attorney fees awarded to Simons.

On October 17, 2008, the Court issued an Order granting in part and denying in part Simons' Motion for Attorney Fees. (See October 17, 2008 Order, hereafter, "October 2008 Order," Docket Item No. 185.) The Court awarded Simons attorney fees because Defendants filed an Amended Third-Party Complaint that was contrary to the Court's March 30, 2007 Order detailing the requirements for Defendants to have standing to assert counter-claims or third party claims pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972(a)(1)(A)-(B). (See Docket Item No. 37.) The Court also found that Defendants continued to proceed against Simons by filing a motion for clarification of the Court's October 2008 Order and, in the alternative, reinstatement of Defendants' indemnity and contribution claims against Simons. (October 2008

Order at 6.) Defendants did this despite having already completed their environmental tests and finding that there was no evidence of contamination on the Simons' property. (Id. at 6-7.) Thus, the Court ordered Defendants to pay attorney fees and costs "related to [Simons'] motion to strike the Amended Third-Party Complaint and any costs and fees incurred after [Defendants'] received the results of the environmental tests on Simons' property." (Id. at 7.) The Court referred the determination of the amount of fees and costs to Judge Seeborg for a report and recommendation.

On March 16, 2009, Judge Seeborg filed a Report recommending that Defendants pay Simons $115,300.40 in fees and costs. (March 16, 2009 Report and Recommendation Re: Determination of Attorneys' Fees and Costs at 8, hereafter, "Magistrate Report," Docket Item No. 218.)

Defendants object to Judge Seeborg's recommendation on the ground that $96,525 of the amount recommended concerns fees and costs incurred by Simons after Defendants completed their environmental tests on Simons' property, but that are unrelated to the Simons' Motion to Strike (Objection at 2.) In particular, Defendants contend that Judge Seeborg's recommendation in unreasonable because he failed to identify the conduct giving rise to sanctions and failed to consider what fees and costs were incurred as an actual result of the sanctionable conduct. (Id. at 3-5.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to recommending attorney fees, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

Here, Judge Seeborg properly identified the conduct giving rise to the sanctions as follows:

> On February 22, 2008, the presiding judge struck allegations from the second amended counterclaim that the Simons violated the RCRA. The presiding judge based his ruling on the fact that Firestone did not follow his March 30, 2007 Order, detailing what facts it needed to allege to plead standing under the RCRA against the Simons. Instead of curing the defects identified previously, Firestone filed an amended third party complaint, which burdened the Simons by forcing them to bring their motion to strike the RCRA claim. . . . Shortly thereafter, Firestone filed a motion for clarification of whether the Simons were dismissed with prejudice. At the time of the motion, however, Firestone had completed its environmental tests of the area surrounding the landfill and found no evidence of any contamination stemming from the Simons' property. This demonstrated that Firestone did not have any viable claim

2

against the Simons, yet it failed to dismiss them voluntarily. The presiding judge further concluded that this evidence indicated that the RCRA claim was not made in good faith.[1]

(Magistrate Report at 2.)

With respect to the amount of fees and costs incurred as a result of Defendants' conduct, Judge Seeborg properly considered "any costs and fees incurred after [Defendants] received the results of the environmental tests on Simons' property" as was previously ordered by the Court. (October 2008 Order at 7.) Indeed, Judge Seeborg carefully considered the submissions of the parties and adjusted the fees where he deemed excessive. (Magistrate Report at 6.) Further, Judge Seeborg found that certain fees that were incurred after the Court's October 2008 Order, should be awarded because Simons "never would have had to bill these fees if Firestone had dismissed the Simons as parties when they knew after November 2, 2007, that no remaining claims existed against them." (Magistrate Report at 7.) Thus, the Court finds that Judge Seeborg's Report and Recommendation is not clearly erroneous or contrary to law.

Accordingly, the Court OVERRULES Defendants' Objection. The Court ADOPTS Judge Seeborg's Report and Recommendations and awards Simons fees and costs in the amount of $115,300.40. Defendants shall pay this amount within thirty (30) days from the date of this Order.

Dated: April 10, 2009

JAMES WARE
United States District Judge

---

[1] Defendants contend that Judge Seeborg's statement that the Court found the "RCRA claim was not made in good faith" is inconsistent with the Court's finding that the Third-Party Complaint was not improperly brought. (October 2008 Order at 6.) However, the Court finds that the Judge Seeborg properly referred to Defendants pursuit of the Amended Third-Party Complaint even after they knew that they had no viable claims against Simons.

3

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Terry Caulfield andrew.caulfield@hklaw.com
Andrew Terry Caulfield andrew.caulfield@hklaw.com
Aron K. Liang aliang@cpmlegal.com
Barbara L. Lyons blyons@cpmlegal.com
Chung-Han Lee chunglee@wildman.com
Craig Evan Needham cneedham@ndkylaw.com
Erik A Reinertson ereinertson@sbcglobal.net
Kirsten M. Fish kfish@ndkylaw.com
Matthew P. Vafidis mvafidis@hklaw.com
Niall Padraic McCarthy nmccarthy@cpmlegal.com
Sharon Glenn Pratt spratt@prattattorneys.com
Steven Noel Williams swilliams@cpmlegal.com
Susan J. Matcham susanm@ci.salinas.ca.us
Thomas M. Bruen tbruen@sbcglobal.net
Vanessa W. Vallarta vanessav@ci.salinas.ca.us

**Dated: April 10, 2009**

**Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**